UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ERIC M. HODLER,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 21-CV-534-JPS<br><br>**ORDER** |

  In October 2021, this Court issued an order adopting the parties' joint stipulation to remand and remanded this case to the Commissioner of Social Security. ECF No. 18. Thereafter, the parties filed a joint stipulation requesting that Plaintiff receive attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 21. The Court then issued an order adopting that stipulation and awarded attorneys' fees in the amount of $7,595.83 to Plaintiff. ECF No. 22. Now before the Court is Plaintiff's attorneys' unopposed motion for attorneys' fees pursuant to § 206(b)91) of the Social Security Act, 42 U.S.C. § 406(b)(1)(A). ECF No. 23.

  Section 406(b)(1)(A) allows a successful claimant who was represented by counsel to receive "as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). Although 25 percent of the past-due benefit amount in this case equals $24,147.52, ECF No. 23 at 1, Plaintiff's attorneys aver that they "intend[] to seek as the fee for [their] services at the administrative level pursuant to 42 U.S.C. § 406(a), $7,595.83 or what

should remain withheld after the award of the 406(b) fee," *id.* at 6. In other words, Plaintiff's attorneys move the Court for the full $24,147.52 406(b) fee, but request that the Court "direct[] payment of a balance of $16,551.69 after the EAJA credit/offset refund of $7,595.83." *Id.*

Because the Court finds that $24,147.52 is a reasonable sum in light of the hours that Plaintiff's attorneys spent working on this case, it will grant Plaintiff's attorneys' motion. *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002); *McGuire v. Sullivan*, 873 F.2d 974, 980 (7th Cir. 1989) ("[I]n reviewing social security fee applications where there is a contingency contract in effect, whether or not the proper starting place is a lodestar hourly rate, the contingency amount agreed to by the client should also be considered and a reasonable amount determined so long as it is no more than twenty-five percent.").

Accordingly,

**IT IS ORDERED** that Plaintiff's attorneys' unopposed motion for attorneys' fees pursuant to 42 U.S.C. § 406(b)(1)(A), ECF No. 23, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the Commissioner shall pay $16,551.69, which represents the balance after the EAJA offset in amount of $7,595.83 is subtracted, directly to attorney Frederick J. Daley, Jr. in accordance with the agreement signed by Plaintiff.

Dated at Milwaukee, Wisconsin, this 28th day of November, 2022.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge